66  25
98  617

---

[No. 9,692. In Bank.—October 10, 1884.]
COUNTY OF MERCED, Respondent, v. REGENTS OF THE UNIVERSITY OF CALIFORNIA, Appellant.

County Bonds—Construction of Statute.—The Act of March 14th, 1883, known as the County Government Act, required that bonds issued by a county should refer to the act, and to that extent repealed section 4,048 of the Political Code, which required reference to be made to that section in county bonds.

Id.—Form of Bonds.—A party who has agreed to purchase the bonds of a county is not bound to accept them unless they are made in the mode prescribed by the act authorizing their issue.

Appeal from a judgment of the Superior Court of the county of Merced.

In 1884, the county of Merced agreed to deliver to the defendant certain county bonds, and afterwards tendered the bonds in accordance with the agreement. The defendant refused to accept them, upon the ground that it was recited upon their face that they were issued under the provisions of section 4048 of the Political Code; and claimed that they should have contained a recital that they were issued under the Act of March 14th, 1883, to establish a uniform system of township and county governments. The other facts appear in the opinion.

*John B. Mhoon,* for Appellant.

*F. H. Farrer,* for Respondent.

Myrick, J.—The Act of March 14th, 1883, to establish a uniform system of county and township governments, section 25, subd. 14, repealed section 4048 Political Code, at least so far as the latter required the bonds to refer to the Political Code, and directed that bonds should refer to it (the Act of 1883). Without considering any question as to the validity of bonds reciting their issue under the Political Code, it is sufficient to say that the Act of March 14th, 1883, gives the form of the bonds, and the defendants should not be compelled to take them, unless they are in conformity with that act. The former class of bonds might, perhaps, be good, as against the county, in the hands of a purchaser, but the defendants should not be compelled to take any risk. They are justified in standing on the form prescribed in the Act of 1883.

Judgment reversed, and cause remanded.

Morrison, C. J., Thornton, J., and McKinstry, J., concurred.